Steven T. Lowe, Esq. SBN 122208
Kris LeFan, Esq., SBN 278611
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672
kris@lowelaw.com

Hao Ni, Texas Bar No. 24047205
admitted *pro hac vice*
hni@nilawfirm.com
Timothy D. Wang, Texas Bar No. 24067927
admitted *pro hac vice*
twang@nilawfirm.com
NI, WANG & ASSOCIATES, PLLC
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiffs
Arczar, LLC and GeoVector Corporation


Andrew L. Chang (CA Bar No. 222309)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California  94104-4505
Email:  achang@shb.com
Phone:  (415) 544-1900
Facsimile:  (415) 391-0281

2555 Grand Boulevard
Kansas City, Missouri 64108
B. Trent Webb, *admitted pro hac vice*
Email: bwebb@shb.com
Jonathan N. Zerger, *admitted pro hac vice*
Email: jzerger@shb.com
Lynn C. Herndon, *admitted pro hac vice*
Email: lherndon@shb.com
Phone: (816) 474-6550
Facsimile: (816) 421-5547


Attorneys for Defendant
SONY COMPUTER ENTERTAINMENT
AMERICA LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCZAR LLC and GEOVECTOR CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>Sony Computer Entertainment of America, LLC,<br><br>Defendant. | Case No. 3:13-cv-02671-WHO<br><br>**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Ctrm:  E, 17th Floor<br>Judge: Honorable William H. Orrick |

The parties jointly submit this Amended Joint Case Management Statement and request that the Court adopt it as its Case Management Order in this case.

**1. Jurisdiction & Service**

This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over patent disputes pursuant to 28 U.S.C. §§ 1331 and 1338(a). All defendants have been served and no parties remain to be served. No issues exist related to personal jurisdiction or venue. The parties reserve their rights to address standing issues after further discovery.

**2. Facts**

Plaintiffs' Amended Complaint alleges that SCEA infringes U.S. Patent Nos. 6,037,936 ("the '936 Patent), 7,916,138 ("the '585 Patent"), 5,682,332 ("the '332 Patent"), 6,031,545 ("the '545 Patent"), and 7,301,536 ("the '536 Patent") (collectively, the "patents-in-suit") by "making, using, providing, offering to sell, and/or selling (directly or through intermediaries) the Sony Playstation Vita and accompanying augmented reality software . . . ." Plaintiffs further allege that, as a result of Defendant's infringement, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by

Defendant, together with interest and costs as fixed by the court. Four of the five asserted patents expired in September 2013, and the fifth asserted patent will expire in 2014.

Before SCEA was required to file an answer, SCEA filed a Motion to Dismiss Plaintiff's claims for willful patent infringement and a Motion to Change Venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404. SCEA's Motion to Change Venue was subsequently granted by the transferor court on May 13, 2013. SCEA's Motion to Dismiss remains pending, but the parties anticipate that motion to be moot by Oct. 1, 2013, for the reasons set forth in paragraphs 4-5, below. To date, SCEA has not yet answered Plaintiffs' Amended Complaint.

### 3. Identification of Legal Issues

The principal legal issues in this case are: (1) the proper construction of certain terms in the claims of the patents-in-suit and/or the application of prosecution history estoppel for certain terms; (2) the invalidity of the patents-in-suit; (3) whether 35 U.S.C. § 287 limits Plaintiffs' potential damages; (4) the correct priority dates and expiration dates of the patents-in-suit; and (5) Plaintiffs' ownership interests in the patents-in-suit. As discussed in Section 4 below regarding pending motions, SCEA also disputes whether Plaintiffs alleged willful patent infringement because Plaintiffs present no facts supporting pre-litigation willful conduct; however, to the extent willfulness is part of this case, the Court may need to resolve the objective prong of willfulness as a matter of law. Other legal issues may become relevant once SCEA answers Plaintiffs' Amended Complaint.

### 4. Motions

Prior to this case being docketed in the Northern District of California, SCEA filed a Motion to Dismiss Plaintiff's claims for willful patent infringement. (Doc. 17; Case No. 2:12-cv-787 (E.D. Tex)). The Eastern District of Texas court did not issue a ruling on SCEA's Motion to Dismiss and, as such, the Motion remains outstanding. However, the parties expect that motion to become moot with Plaintiffs' filing of the Second Amended Complaint by October 1, 2013 (discussed below), which will be limited to removing the following Paragraphs of the First

Amended Complaint related to willfulness allegations: Count I, ¶ 10, Count II ¶ 4, Count III ¶ 9, Count IV ¶ 14, and Count V ¶ 19.

Both parties further anticipate filing summary judgment motions, and *Daubert* motions, and if the case proceeds to trial, motions *in limine* and related motions. Further, the parties anticipate briefing on claim construction issues.

### 5. Amendment of Pleadings

To resolve the pending Rule 12 motion related to willfulness allegations in the First Amended Complaint, Plaintiffs will serve a Second Amended Complaint by October 1, 2013, limited to removing the following Paragraphs of the First Amended Complaint: Count I, ¶ 10, Count II ¶ 4, Count III ¶ 9, Count IV ¶ 14, and Count V ¶ 19. Otherwise, Plaintiffs do not expect the addition or dismissal of parties, claims or defenses.

SCEA has not yet filed an Answer in this action. SCEA will Answer Plaintiffs' Second Amended Complaint by October 22, 2013. SCEA does not currently anticipate further amendments to the pleadings, but reserves the right to do so. The parties agree November 15, 2013 shall be the deadline to amend pleadings, except for amendments made as a matter of right.

### 6. Evidence Preservation

The parties have reached the following agreement addressing electronically-stored information and its preservation:

− <u>Electronically Stored Information ("ESI")</u>: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have conferred regarding the preservation of relevant evidence in this action, pursuant to Fed. R. Civ. P. 26(f) and ESI Guidelines 2.01 and 2.02. The parties will work in good faith to negotiate the terms of a proposed ESI Order for this case which will include provisions regarding appropriate date ranges, identity, and number of custodians under which responsive ESI will be collected, as well as the identity of an ESI liaison for each party. A proposed ESI order, along with any remaining ESI disagreements,

will be submitted to the Court by December 13, 2013.  The parties further agree that ESI will be produced as follows:

- The parties agree that (1) that from the date of the original complaint's filing, the parties are not required to preserve, collect, review, or produce ESI that would otherwise be included in a party's privilege log.

- The parties will produce responsive ESI in accordance with the deadlines required by this Court pursuant to a scheduling order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.  The parties acknowledge that ESI for custodians located in jurisdictions with stringent data privacy laws may take additional time to produce, and agree that the parties will meet and confer if responsive ESI for custodians located outside the United States cannot be produced by the deadline set forth by the Court.

- All English language documents will be exchanged on discs or another digital storage medium in a form that is electronically searchable.

- Unless otherwise agreed, the parties will produce ESI as single-page .tiff images or single-page PDF files. The ESI shall be produced with Bates numbers, and appropriate image-based or data "load" files, as necessary.  The parties shall meet and confer on the appropriate "load" files to accompany their respective document productions.  Native files of ESI may be produced at the producing party's discretion when reasonably necessary to make the information contained therein accessible (this would include, for example, spreadsheets or other data compilations).  A producing party will not be required to produce native files except in response to reasonable requests made by the receiving party upon a showing of good cause.

- The parties will not be required to produce metadata accompanying otherwise responsive ESI, except in response to reasonable requests and upon a showing of good cause; and the parties are not required to preserve metadata fields

accompanying otherwise responsive ESI that are frequently updated in the ordinary course of business such as last-opened dates.

The parties have agreed that non-responsive ESI does not need to be preserved, searched for, or produced in this action. Non-responsive ESI includes the following: (1) back-up tapes; (2) "deleted," "slack," "fragmented," and/or "unallocated" data; (3) random access memory (RAM) and other ephemeral data; (4) on-line access data such as temporary internet files, history, cache, cookies, etc.; (5) PDAs, cell phones, text messages, instant messaging, online chats, voicemails, and social media; and (6) electronic lists of contacts and electronic calendar data.

**7. Disclosures**

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C) will be served three weeks following Defendant's answer.

**8. Discovery**

No formal discovery has been taken to date. Plaintiffs' anticipated discovery includes document production, interrogatories and depositions related to the accused instrumentalities, the validity of the patents-in-suit, and damages. The parties have not identified any discovery disputes.

SCEA will seek discovery of documents and facts relating to (1) the prosecution of the patents-in-suit, other patents in the same family, and foreign counterparts; (2) communications with the named inventors of the patents-in-suit; (3) evidence concerning alleged conception, reduction to practice, and diligence concerning the inventions underlying the patents-in-suit; (4) prior art regarding the patents-in-suit; (5) claim construction and non-infringement of the patents-in-suit; (6) invalidity of the patents-in-suit; and (7) Plaintiffs' efforts to license the patents-in-suit; (8) priority dates and claims of the patents-in-suit; (9) the chain of title for the patents-in-suit; (10) other entities with a financial interest in the outcome of this case; and (11) third-party discovery relevant to the above-identified topics, particularly as they relate to prior art.

*<u>Modification to Discovery Rules</u>*:  The parties do not anticipate limitations or modifications to the discovery rules.

*<u>Discovery Plan</u>*:  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties agree to the following discovery plan:

- <u>Interrogatories</u>:  The parties agree that a maximum of 25 interrogatories, including all discrete subparts, may be served per side on another party.
- <u>Depositions</u>:  The parties agree to a maximum of 10 depositions per side (10 by Plaintiffs and 10 by Defendant), exclusive of (i) expert depositions, (ii) depositions of third parties, and (iii) depositions pursuant to Fed. R. Civ. P. 30(b)(6).  The parties agree that each deposition shall be limited to 7 hours.  The parties further agree to a maximum of 14 hours of deposition testimony taken upon each party pursuant to Fed. R. Civ. P. 30(b)(6).
- <u>Protective Order</u>:  The parties agree that there is a need for discovery in this case to be governed by a protective order.  Accordingly, the parties will confer and submit a jointly proposed protective order, along with any disagreements or competing proposals, by December 13, 2013.

**9.   <u>Class Actions</u>**

This case is not a class action.

**10.  <u>Related Actions</u>**

In addition to this case is the following related case regarding two of the asserted patents in this action, U.S. Patent Nos. 6,037,936 and 7,916,138:  *ArCzar LLC, et al. v. Nintendo of Am. Inc.*, Case No. 3:13-cv-02672-WHO (N.D. Cal.).  On September 17, 2013, Plaintiffs filed the following two new related cases: *ArCzar LLC, et al. v. Harman Int'l Indus.*, No. 2:13-cv-00740 (E.D. Tex.), and *ArCzar LLC, et al. v. WowWee USA, Inc.*, No. 2:13-cv-00741.  The following related actions have been dismissed: *ArCzar LLC, et al. v. Yelp, Inc.*, Case No. 3:13-cv-02669-EDL (N.D. Cal.); *ArCzar LLC, et al. v. ZipRealty, Inc.*, Case No. 3:13-cv-02670-EDL (N.D. Cal.); *ArCzar LLC v. IKEA North America Servs., LLC*, Case No. 2:12-cv-00785-JRG (E.D.

Tex.); *ArCzar LLC v. Hasbro, Inc.*, Case No. 2:12-cv-00784-JRG (E.D. Tex.).

**11. Relief**

Plaintiffs seek damages related to Defendant's patent infringement in the form of lost profits or a reasonable royalty. As of yet, Plaintiffs have not calculated the amount of damages or discerned the bases on which damages are to be calculated. To date, SCEA has not answered the Amended Complaint.

**12. Settlement and ADR**

Plaintiffs believe that prospects for settlement are high. The parties have filed a Stipulation and Proposed Order Selecting an ADR Process, choosing mediation, which the Court has adopted. SCEA will require several items from Plaintiffs prior to mediation, including copies of all settlement agreements, assignments, licenses, or other financial agreements related to the patents-in-suit, as well as a list of all asserted claims.

**13. Consent to Magistrate for all Purposes**

Plaintiffs consent to a magistrate conducting all further pleadings including trial and entry of judgment. SCEA declined to consent to assignment of a United States Magistrate Judge for trial by jury.

**14. Other References**

The parties agree that this case is not suitable for other references at this time.

**15. Narrowing of Issues**

The parties will work together to narrow issues. Both parties anticipate filing motions for summary adjudication and other similar motions that may narrow some of the issues.

**16. Expedited Trial Procedure**

The parties agree that this case is not suitable for expedited trial.

**17. Scheduling**

The parties agree to the following schedule:

| Event | Proposed Date |
|---|---|
| Plaintiffs serve Second Amended Complaint, limited to removing the following Paragraphs of the First Amended Complaint: Count I, ¶ 10, Count II ¶ 4, Count III ¶ 9, Count IV ¶ 14, and Count V ¶ 19 | 10/1/13 |
| Defendant serves Answer to Second Amended Complaint | 10/22/13 |
| Plaintiffs serve Infringement Contentions | 11/5/13 (per P.L.R. 3-1, 3-2) |
| Deadline to amend pleadings or add parties | 11/15/13, unless amendments or pleadings otherwise available by right |
| Defendant serves Invalidity Contentions | 12/20/13 (per P.L.R. 3-3, 3-4) |
| Parties exchange proposed terms for construction | 1/3/14 (per P.L.R. 4-1) |
| Parties exchange preliminary claim constructions and extrinsic evidence | 1/24/14 (per P.L.R. 4-2) |
| Parties file Joint Claim Construction and Prehearing Statement | 2/18/14 (per P.L.R. 4-3) |
| Parties complete Claim Construction Discovery | 3/20/14 (per P.L.R. 4-4) |
| Plaintiffs file Claim Construction Brief | 4/4/14 (per P.L.R. 4-5(a)) |
| Defendant files Claim Construction Brief | 4/18/14 (per P.L.R. 4-5(b)) |
| Plaintiffs file Reply Claim Construction Brief | 4/25/14 (per P.L.R. 4-5(c)) |
| Claim Construction Hearing | To be set by the Court |
| Production of document related to advice of counsel | 50 days after Claim Construction Order (per P.L.R. 3-7) |
| Parties complete Fact Discovery | 90 days after Claim Construction Order |
| Parties designate experts and serve initial reports on | 30 days after completion of |

| issues for which party bears the burden of proof | Fact Discovery |
|---|---|
| Parties serve rebuttal reports | 30 days after deadline to designate initial expert reports |
| Parties complete Expert Discovery | 30 days after deadline for rebuttal reports |
| Deadline to File Dispositive Motions | 30 days after expert discovery completed |
| Hearing of Dispositive Motions | To be set by the Court |
| Pretrial Conference | To be set after Claim Construction Order |
| Trial | To be set after Claim Construction Order |

### 18. Trial

**Plaintiffs' Contention:** The length of trial will be one week.

**Defendant's Contention:** SCEA anticipates that trial will last approximately 10 trial days, depending on the number of asserted patent claims remaining.

### 19. Disclosure of Non-party Interested Entities or Persons

The parties will file a Certification of Interested Entities or Persons in compliance with Civil Local Rule 3-16 prior to the Case Management Conference.

### 20. Other

The parties are aware of no other issues at this time.

Dated: October 7, 2013

LOWE & ASSOCIATES, P.C.

By: */s/ Kris LeFan*
KRIS LEFAN

Attorney for Plaintiffs
ARCZAR, LLC AND AND GEOVECTOR CORPORATION

Dated: October 7, 2013

By: /s/ Jon Zerger
JON ZERGER

Attorney for Defendant

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. **In addition, the Tutorial will be held on June 6, 2014 at 9:00 a.m. The Claim Construction hearing will be held on June 13, 2014 at 9:00 a.m.**

IT IS SO ORDERED

Dated: October 9, 2013

Honorable William H. Orrick
District Court Judge